```
                  UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                       Alexandria Division

CIT SMALL BUSINESS LENDING    )
CORP.,                        )
     Plaintiff,               )
                              )
                              )
        v.                    )   Civil Action No. 1:14cv115
                              )
SYSTEMS ENGINEERING OF C&G,   )
INC., et al.,                 )
     Defendants.              )
                              )
```

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Amended Motion for Default Judgment by plaintiff ReadyCap Lending LLC ("plaintiff" or "ReadyCap") against defendants Systems Engineering of C&G, Inc., Systems Engineering of Mount Vernon, Inc., Systems Engineering of Prince George's County, Inc., Systems Engineering/R.I. Inc., and Systems Engineering N.Y.A. Inc. (collectively "defendants"). (Dkt. 29.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing on October 3, 2014, the undersigned Magistrate Judge took plaintiff's Motion under advisement.[1]

---

[1] The record before the Court includes the Complaint (Dkt. 1) ("Compl."), defendants' Amended Answer to Complaint (Dkt. 9), the Order granting defendants' counsel's motion to withdraw (Dkt. 16), the Amended Complaint (Dkt. 23) ("Am. Compl."), the Clerk's Entry of Default (Dkt. 28), plaintiff's Amended Motion for Default Judgment (Dkt. 29) ("Am. Mot. Default J."),

INTRODUCTION

## I. Background

CIT Business Lending Corporation ("CIT") loaned defendants $1,005,000 on April 30, 2007. CIT assigned that Note to plaintiff ReadyCap who is now the holder of the Note. (Bottino Decl. ¶ 4.) Defendants defaulted on the Note by failing to make payment when due. (Am. Compl. ¶¶ 9-12.) Plaintiff claims that under the terms of the Note, defendants are liable to ReadyCap for all amounts due, including interest, late fees, expenses and attorney's fees. (Id. at ¶ 13.)

## II. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

CIT is a Delaware Corporation with its principal place of business in New Jersey. (Am. Compl. ¶ 1.) Plaintiff ReadyCap is a Delaware LLC whose sole member is a Delaware LLC with its

---

plaintiff's Memorandum in Support of Motion for Default Judgment ("Mem. Mot. Default J.") (also Dkt. 29), Plaintiff's Supplemental Memorandum in Support of Motion for Default Judgment ("Supp. Mem. Mot. Default J.") (Dkt. 35), the Affidavit of Eileen Bottino ("Bottino Decl.") (Dkt. 40), and a second Affidavit by Eileen Bottino ("Supp. Bottino Decl.") (Dkt. 46.).

2

principal place of business in California. (Bottino Decl. ¶ 4.) Defendants Systems Engineering of C&G, Inc. and Systems Engineering of Mount Vernon, Inc. were both Virginia corporations whose charters have been revoked by the State Corporation Commission. (Am. Compl. ¶¶ 3-4.) Defendant Systems Engineering/R.I. Inc. was a District of Columbia Corporation whose charter has been revoked by the Department of Consumer and Regulatory Affairs. (Id. at ¶ 5.) Defendant Systems Engineering N.Y.A. Inc. is a District of Columbia corporation. (Id. at ¶ 7.) Defendant Systems Engineering of Prince George's County, Inc., was a Maryland corporation whose charter has been revoked by the State Department of Assessments and Taxation. (Id. at ¶ 8.) Because the parties are completely diverse and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction over this dispute.

Virginia Code § 8.01-328.1(A)(1) provides that a Virginia court may exercise personal jurisdiction over any person in a matter related to that person's business transactions in the Commonwealth of Virginia. Defendants borrowed money from CIT for business purposes. (Supp. Mem. Mot. Default J. 1.) Defendants Systems Engineering of C&G, Inc. and Systems Engineering of Mount Vernon, Inc. were Virginia corporations who conducted business in Virginia. (Id.) Cases were commenced against the other defendants in the District of Columbia and

3

Maryland and transferred to this Court pursuant to 28 U.S.C. § 1404(a). (Id.) The transfer of the actions under that statute did not affect personal jurisdiction.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because several defendants had their principal place of business within this district. (Id. at ¶¶ 3-8.) By failing to object to the motion to transfer, the Maryland and District of Columbia-based defendants waived any objection to venue in Virginia.

### III. Service of Process

Defendants all maintained resident agents who were served both the Summons and Complaint. (Request for Entry of Default, Affidavit (Dkt. 26) ¶¶ 3-4.) The Amended Complaint was later served on all parties by a private process server in the form of an Alias Summons. The Amended Complaint was served on Stephen D. Charnoff, an agent authorized to accept service for Rees Broome, PC, which is designated by law to accept service of process on behalf of Systems Engineering of C&G Inc., on November 3, 2014. (Dkt. 43.) The Amended Complaint was also served on Stephen D. Charnoff, an agent authorized to accept service for Rees Broome, PC, which is designated by law to accept service of process on behalf of Systems Engineering of Mount Vernon, Inc., on November 10, 2014. (Dkt. 42.) The Amended Complaint was served on Dennis Endee, President of

4

Systems Engineering of Prince George's County, who is designated by law to accept service of process on behalf of defendant on November 24, 2014.  (Dkt. 45.)  The Amended Complaint was served on Irma Thakkar, an agent authorized to accept service for LPRA, Inc., which is designated by law to accept service of process on behalf of Systems Engineering/R.I., Inc., on November 10, 2014.  (Dkt. 41.)  The Amended Complaint was also served on Irma Thakkar, an agent authorized to accept service for Robert Leibner, who is the registered agent of Systems Engineering N.Y.A., Inc., on November 10, 2014.  (Dkt. 44.)  Therefore, service of process was proper.

## IV.  Grounds for Default Judgment

All defendants in this case answered the complaint through their attorney.  (Dkt. 9.)  That attorney later moved to withdraw from the case and after a hearing, the Court granted that motion.  (Dkt. 16.)  Once corporate defendants were no longer represented by counsel, the Court Ordered a Rule to Show Cause why defendants should not be held in contempt of this Court.  (Dkt. 17.)  Defendants failed to respond to the Rule to Show Cause.  On August 28, 2014, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 28.)  Plaintiff filed an Amended Motion for Default Judgment on September 3, 2014. (Dkt. 29.)

After defendants failed to appear at the October 3, 2014 hearing on plaintiff's Amended Motion for Default Judgment, the undersigned took this matter under advisement. (Dkt. 34.)

FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff ReadyCap is a Delaware LLC whose sole member is a Delaware LLC with its principal place of business in California. (Bottino Decl. ¶ 4.) Defendants Systems Engineering of C&G, Inc. and Systems Engineering of Mount Vernon, Inc. were both Virginia corporations whose charters have been revoked by the State Corporation Commission. (Id. at ¶¶ 5-6.) Defendant Systems Engineering/R.I. Inc. was a District of Columbia Corporation whose charter has been revoked by the Department of Consumer and Regulatory Affairs. (Id. at ¶ 7.) Defendant Systems Engineering N.Y.A. Inc. is a District of Columbia corporation. (Id. at ¶ 8.) Defendant Systems Engineering of Prince George's County, Inc., was a Maryland corporation whose charter has been revoked by the State Department of Assessments and Taxation. (Id. at ¶ 9.)

On April 30, 2007, defendants executed a promissory note in favor of plaintiff's predecessor in interest, CIT, in the principal amount of $1,005,000.00 (the "Note"). (Am. Compl. ¶

6

9; Bottino Decl. ¶ 10.) On June 28, 2014, the Note was assigned by CIT to ReadyCap. (Bottino Decl. ¶ 4.) ReadyCap is currently the holder of the Note. (Am. Compl. ¶ 11; Bottino Decl. ¶ 12.)

Defendants made no payments on the Note between December of 2012 and February of 2013. (Supp. Bottino Decl. Ex. 1 (Dkt. 46-1).) Two payments were made in 2013 which were applied to past due payments, and no payments have been made since March 11, 2013. (Supp. Bottino Decl. ¶ 3, Ex. 1.) Therefore, defendants have defaulted on the Note by failing to make payments when due. (Id.; Am. Compl. ¶ 12; Bottino Decl. ¶ 13.) Under the terms of the Note, defendants are liable to ReadyCap for all amounts due including interest, late fees, expenses and attorney's fees. (Am. Compl. ¶ 13; Compl. Ex. A (Dkt. 1-3); Bottino Decl. ¶ 14.) As of October 31, 2014, the sums due to plaintiff under the terms of the Note included $415,980.30 remaining on the principal balance, $31,965.78 in interest, $23,207.26 in late charges, $6,825.00 in appraisals, $1,630.70 in lien searches, and $4,040.94 in legal fees from prior counsel, as well as attorney's fees and costs for the instant matter. (Bottino Decl. ¶ 16.)

## EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the

plaintiff's complaint to ensure that the complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

## I. Breach of Contract

Plaintiff alleges that defendants breached an agreement under a promissory note to repay a loan provided by plaintiff. Under Virginia law, a plaintiff properly pleads a breach of contract claim where he alleges that (1) the defendant had a legally enforceable obligation; (2) the defendant materially breached that obligation; and (3) such breach caused plaintiff's damages. <u>Filak v. George</u>, 594 S.E.2d 610, 614 (Va. 2004). Here, the undersigned finds that all three elements of a breach of contract claim are satisfied.

First, plaintiff shows sufficient facts for the undersigned to find that a legally enforceable obligation existed. On April 30, 2007, defendants executed a valid promissory note in favor of plaintiff's predecessor in interest, CIT, in the amount of $1,005,000.00. (Am. Compl. ¶ 9; Compl. Ex. A.) This valid contract obliged defendants to perform under the contract by paying CIT in return for the amount disbursed under the Note. CIT has since assigned their rights under the Note to plaintiff ReadyCap. (Bottino Decl. ¶ 4.)

Second, plaintiff demonstrates that defendants materially breached that obligation. Plaintiff has established that defendants defaulted on the Note by failing to make payment when due. (Am. Compl. ¶ 12; Supp. Bottino Decl. Ex. 1.) Defendants stopped making payments in accordance with the terms of the Note beginning in January, 2012, and have failed to make any payments since March 11, 2013. (Supp. Bottino Decl. ¶ 3.) Under the terms of the Note, defendants waived presentment, demand notice of dishonor, and all other notices. (Am. Compl. ¶ 14; Compl. Ex. A; Bottino Decl. ¶ 15.) Therefore, defendants materially breached their obligation to pay plaintiff for the amount specified on the note.

Finally, plaintiff pleads sufficient facts to show that defendants' breach caused damages to plaintiff. Defendants' failure to pay plaintiff for the balance of the principal has damaged plaintiff in the amount of $483,616.98. (Bottino Decl. ¶ 16.) Interest continues to accrue under the terms of the Note at a rate of $56.98 per diem. Furthermore, attorney's fees and costs are recoverable pursuant to the express terms of the Note. (Compl. Ex. A; Am. Compl. ¶ 13.)

Therefore, plaintiff demonstrates that defendants materially breached their contractual obligation to repay plaintiff under the terms of the Note. Defendants' failure to abide by the Note resulted in damages to plaintiff of

$496,436.03, which includes reasonable attorneys' fees and costs. The undersigned finds that plaintiff's Complaint properly states a breach of contract claim against the defendant.

Additionally, the Court notes that by failing to appear or otherwise respond in this matter, defendants have waived any defenses based on the statute of frauds. See <u>Moore Lumber Corp. v. Walker & Williamson</u>, 67 S.E. 374, 375 (Va. 1910).

REQUESTED RELIEF

In light of defendant's default, plaintiff requests that the Court (1) grant default judgment against defendants in the amount of $483,616.98, plus per diem interest from October 31, 2014 of $56.98; and, (2) award costs and reasonable attorney's fees. (Suppl. Mem. Mot. Default J. 3; Bottino Decl. ¶ 16.)

### I. Damages

Plaintiff seeks damages in the amount of $483,616.98. This amount represents the $415,980.30 remaining on the principal balance, $31,965.78 in interest, $23,207.26 in late charges, $6,825.00 in appraisals, $1,630.70 in lien searches, and $4,040.94 in legal fees from prior counsel. (Bottino Decl. ¶ 16.) For the reasons articulated above, the undersigned recommends a finding that defendant is liable for damages in the amount of $483,616.98.

### II. Attorneys' Fees and Costs

Plaintiff seeks $12,819.05 in attorney's fees and costs. (Supp. Aronson Decl. ¶ 6 (Dkt. 47).) This total amount includes service of process expenses of $1,139.05 and court costs of $1,200.00 sought by plaintiff. (Id.) In support of this request, plaintiff submitted an Affidavit of Joel Aronson which details the legal fees incurred by plaintiff associated with collecting amounts due under the Note. Pursuant to the express terms of the Note, the parties agreed that the lender can, without defendants' consent, "incur expenses to collect amounts due under [the] Note" including "reasonable attorney's fees and costs." (Compl. Ex. A.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to collect this judgment or enforce plaintiff's rights, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. Post-Judgment Interest

Plaintiff also requests that post-judgment interest be awarded. In a diversity case, awards of post-judgment interest are governed by federal law. <u>Hitachi</u>, 166 F.3d at 633 (citing <u>Forest Sales Corp. v. Bedingfield</u>, 881 F.2d 111, 113 (4th Cir. 1989)). The relevant federal statute provides that

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

28 U.S.C. § 1961(a) (2006). The undersigned therefore recommends that plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a).

### RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff ReadyCap LLC against defendants Systems Engineering of C&G, Inc., Systems Engineering of Mount Vernon, Inc., Systems Engineering of Prince George's County, Inc., Systems Engineering/R.I. Inc., and Systems Engineering N.Y.A. Inc., and recommends a finding that all five defendants are jointly and severally liable for breach of contract and damages, and for reasonable attorney's fees incurred by plaintiff in its attempt to collect past due

amounts. The undersigned further recommends that plaintiff ReadyCap should recover an amount of $496,436.03, consisting of $483,616.98 in damages, plus post-judgment interest at a rate of $56.98 per diem, and $12,819.05 in attorney's fees and costs.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

    Systems Engineering of C&G, Inc.
    c/o Rees Broome PC
    8133 Leesburg Pike 9th Fl.
    Vienna, VA 22182

    Systems Engineering of Mount Vernon, Inc.
    c/o Rees Broome PC
    8133 Leesburg Pike 9th Fl.
    Vienna, VA 22182

    Systems Engineering/R.I. Inc.
    c/o LPRA, Inc.
    4725 Wisconsin Ave. Suite 250
    Washington, DC 20016

    Systems Engineering N.Y.A. Inc.
    c/o Robert Leibner
    4725 Wisconsin Ave. Suite 250
    Washington, DC 20016

    Systems Engineering of Prince George's County, Inc.
    c/o Hyatt & Chep, P.A.
    1919 West St.
    Annapolis, MD 21404

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

January 13th, 2015
Alexandria, Virginia

15